Learned, P. J.
This is an action to recover damages for an assault and battery. The assault and battery were committed by the defendants putting the plaintiff out of the room where inspectors of election were about to canvass votes. This appears to have been done by the direction of the inspectors.
There were evident irregularities in the canvassing which we need not consider.
The judge, in his charge referred to the law requiring the canvass to be public; and stated also that the inspectors had the right to preserve order; and that, if owing to the crowd, it was impossible to canvass, the inspectors had a right to direct a necessary number to go out of the room.
The only exception to the charge as given is in these words : “I except to so much of the charge of the court as submits to the jury as a proposition that they shall deter *811 mine whether or not these parties could have remained in there with that board of canvassers without interfering.”
The language of the court to which defendant referred is this: “If you come to the conclusion that the inspectors could have conducted the canvass in a proper, orderly and public manner while the plaintiff remained in that portion of the room, and that he behaved himself with propriety, order and decency, then they had no right to order him out.” |
It seems to us that that language is quite correct. Undoubtedly the inspectors have a right to keep order. But under pretense of keeping order, they have not a right to turn out a peaceful and quiet citizen whose presence does not interfere with the discharge of their duty.
The defendant presented the same point again by requesting a charge that it was not for the jury to determine whether there was sufficient space for outsiders, and that defendant had the right to obey the instructions of the inspectors. This the court properly refused.
There was another exception by defendant to so much of the charge as states that no persons' have a right to be within the raffing except clerks, etc. We find no such charge. If there had been any such, it would seem to have been favorable to defendant.
The defendant asks now for a new trial on account of . certain parts of the charge not excepted to.
That this court may reverse, when a verdict is against the weight of evidence, does not aid the defendant in this position. We find no error of law in those parts of the charge to which the defendant now calls our attention. The defendant says now that they were inaccurate in fact. We have examined the cases cited by defendant on this point, and think that they do not sustain the defendant, in this case, on this point.
It will be seen by the stipulation of the parties that the case before us contains “the material parts of the evidence as agreed upon.” It does not, therefore, purport to contain the whole evidence. The parts of the charge now criticized may have been fuEy justified by evidence not contained in the case, for they touch on the manner in which inspectors should canvass the votes. That was a subject not apparently material to the exceptions taken by the defendant, and the plaintiff might weU have consented to the omission of evidence on this subject.
We see no error in the case.
Judgment and order affirmed, with costs.
Bocees, J., concurs.
Landon, J., dissents.